IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| PAUL EUGENE GILLY, AP-2282 )<br>   Petitioner, )<br>      v. ) | 2:12-cv-968 |
| ) | |
| WASHINGTON COUNTY COURT OF )<br>COMMON PLEAS., et al., )<br>   Respondents. ) | |

MEMORANDUM and ORDER

    Paul Eugene Gilly has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petitioner will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    Gilly, an inmate at the Community Contract Facility-Albion has presented a petition for a writ of habeas corpus. In his petition, Gilly seeks to challenge his three concurrent life sentences imposed following his conviction of first degree murder at Nos. 153 a,b,c January Term 1970 in the Court of Common Pleas of Washington County, Pennsylvania.[1]

    The instant petition was executed on July 9, 2012. However, this is not the first federal challenge which Gilly has addressed to the above sentence. In Civil Action 2:91-cv-1921, the petitioner also sought to challenge that conviction. The latter petition was dismissed on June 24, 1992 and on December 2, 1992 the Court of Appeals denied a certificate of probable cause. Gilly filed another petition challenging this conviction at 2:11-cv-1203. The latter petition was dismissed on December 9, 2011 and on February 23, 2012 the Court of Appeals denied a certificate of appealability.

    Gilly now returns to this Court with a successive petition.

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims

---

[1] Although captioned as both a habeas corpus and civil rights petition, the essence of Gilly's claim is that his sentence is illegal and for this reason, the petition will be treated as one seeking habeas corpus relief.

presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for a determination of whether or not Gilly can proceed here.

An appropriate Order will be entered.

ORDER

AND NOW, this 13th day of July, 2012, for the reason in the foregoing Memorandum, the petition of Paul Eugene Gilly is transferred forthwith to the United States Court of Appeals for the Third Circuit for consideration as a successive petition pursuant to 28 U.S.C. Section 2244.

s/ Robert C. Mitchell<br>
United States Magistrate Judge